# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 14-554V
Filed: May 5, 2016
Not for Publication

```
*************************************
DARKA RAICEVIC,                    *
                                   *
            Petitioner,            *
                                   *        Damages decision based on
v.                                 *        stipulation; Guillain-Barré
                                   *        syndrome ("GBS"); influenza
SECRETARY OF HEALTH                *        ("flu") vaccine
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
*************************************
```

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Gordon E. Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

On May 4, 2016, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that she suffered Guillain-Barré syndrome ("GBS") as a result of the influenza ("flu") vaccine she received on September 30, 2013. Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any other injury. Nonetheless, the parties agreed to resolve this matter informally.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

a. A lump sum of **$415,295.04** in the form of a check payable to petitioner, which represents compensation for first year life care expenses ($102,469.31), lost earnings ($72,000.00), pain and suffering ($239,827.85), and past unreimbursable expenses ($997.88);

b. a lump sum of **$191,365.89**, which represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and:

> Department of Health Care Services
> Class Action Unit
> P.O. Box 997421, MS 4720
> Sacramento, CA 95899-7421

Petitioner agrees to endorse this check to the State; and

c. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>May 5, 2016</u>                                                  s/ Laura D. Millman
                                                                                    Laura D. Millman
                                                                                    Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

DARKA RAICEVIC,                          )
                                         )
                Petitioner,              )
        v.                               )
                                         )        No. 14-554V
SECRETARY OF HEALTH                      )        Special Master Millman
AND HUMAN SERVICES                       )        ECF
                                         )
                Respondent.              )
                                         )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Darka Raicevic, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her influenza immunization on September 30, 2013.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that the influenza vaccine caused petitioner to suffer from GBS or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the

issues between them shall be settled and that a decision should be entered awarding the

compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with

the terms of this Stipulation, and after petitioner has filed an election to receive compensation

pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue

the following vaccine compensation payments:

a. A lump sum of $415,295.04, which amount represents compensation for first year life
care expenses ($102,469.31), lost earnings ($72,000.00), and pain and suffering
($239,827.85), and past unreimbursable expenses ($997.88) in the form of a check
payable to petitioner;

b. A lump sum of $191,365.89, which amount represents reimbursement of a lien for
services rendered on behalf of petitioner, in the form of a check payable jointly to
petitioner and

Department of Health Care Services
Class Action Unit
P.O. Box 997421, MS 4720
Sacramento, CA 95899-7421

Petitioner agrees to endorse this check over to the State; and

c. An amount sufficient to purchase the annuity contract described in paragraph 10
below, paid to the life insurance company from which the annuity will be purchased
(the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and

surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company

must have one of the following ratings from two of the following rating organizations:

a.     A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

b.     Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

c.     Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-,
AA, AA+, or AAA;

d.     Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:
AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Darka Raicevic, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

    a. For future unreimbursable BCBS Premium, Medicare Part B Premium, Medicare Supplement A, Medicare Supplement G, and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,506.88 to be paid up to the anniversary of the date of judgment in year 2018. Then, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $7,191.48 to be paid up to the anniversary of the date of judgment in year 2022. Thereafter, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $5,308.08 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    b. For future unreimbursable BCBS Maximum out of Pocket, Medicare Part A Deductible and Medicare Part B Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $6,500.00 to be paid up to the anniversary of the date of judgment in year 2018. Then, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $1,454.00 to be paid up to the anniversary of the date of judgment in year 2022. Thereafter, beginning on the anniversary of the date of judgment in year 2022, an annual amount of $166.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    c. For future unreimbursable Podiatrist expenses, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $273.32 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

    d. For future unreimbursable Attendant Care, Case Management, Ancillary Services, Depends, and Life Line expenses, beginning on the first anniversary of the date of judgment, an annual amount of $67,797.70 to be paid up to the anniversary of the date of judgment in year 2018. Then, beginning on the anniversary of the date of judgment in year 2018, an annual amount of $66,357.70 to be paid up to the anniversary of the date of judgment in year 2020. Then, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $67,138.80 to be paid up to the anniversary of the date of judgment in year 2025. Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $67,529.35 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e.  For future unreimbursable Acupuncture expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $609.96.  Thereafter, beginning on the anniversary of the date of judgment in year 2020, an annual amount of $203.32 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f.  For future unreimbursable Hand Held Shower, Shower Chair, Reacher, Elevated Toilet Seat, Lift Chair, Lighted Cane, Walker, Manual Wheelchair, and Swivel Seat for Car expenses, beginning on the first anniversary of the date of judgment, an annual amount of $175.13 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g.  For future unreimbursable Wipe, Blue Pad, Rubber Sheet, and Hot/Cold Pack expenses, beginning on the first anniversary of the date of judgment, an annual amount of $246.01 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h.  For future unreimbursable Salmon Oil, Vitamin B, Vitamin C, Metamucil, and Colace expenses, beginning on the first anniversary of the date of judgment, an annual amount of $347.49 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i.  For future unreimbursable Scooter Lift, PCP Mileage, Pain Management Mileage, Neurology Mileage, Podiatrist Mileage, Psychological Counseling Mileage, ENT Mileage, and Ophthalmology Mileage expenses, beginning on the first anniversary of the date of judgment, an annual amount of $173.62 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.  Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Darka Raicevic, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Darka Raicevic's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on September 30, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about June 30, 2014, in the United States Court of Federal Claims as petition No. 14-554V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's GBS or any other injury.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*Darka Raicevic*

DARKA RAICEVIC

**ATTORNEY OF RECORD FOR PETITIONER:**

LISA A. ROQUEMORE, ESQ.
Law Office of Lisa A. Roquemore
19200 Von Karman Ave., Suite 500
Irvine, CA 92612-7114
(949) 622-5572

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Acting Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*Gordon Shemin by Justine Walters*

GORDON E. SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4208

Dated: May 4, 2016