# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 14-554V
Filed: August 31, 2016
Not for Publication

*************************************
DARKA RAICEVIC,                         *
                                        *
          Petitioner,                   *
                                        *
v.                                      *       Attorneys' fees and costs decision;
                                        *       reasonable attorneys' fees and costs
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
          Respondent.                   *
                                        *
*************************************

Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Gordon E. Shemin, Washington, DC, for respondent.

**MILLMAN, Special Master**


### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 30, 2014, petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012). Petitioner alleged she suffered Guillain-Barré syndrome ("GBS") caused by her receipt of the influenza ("flu") vaccine on September 30, 2013. On May 5, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On July 11, 2016, petitioner filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of $63,558.50, attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$17,272.53, and unreimbursed litigation costs of $2,447.66, for a total request of $83,278.69.

On July 28, 2016, respondent filed a response to petitioner's motion explaining that she is satisfied this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B). Resp. at 2. However, respondent argues that "a reasonable amount for fees and costs in the present case would fall between $60,000.00 [and] $80,000.00." Id. at 3. Respondent bases this estimate on a "survey of fee awards in similar cases and her experience litigating Vaccine Act claims." Id. She also cites three cases in which petitioners were awarded between $63,723.09 and $75,000.00 in attorneys' fees and costs. Pierce v. Sec'y of HHS, No. 14-881V, 2016 WL 3208056 (Fed. Cl. Spec. Mstr. May 9, 2016); Sigel v. Sec'y of HHS, No. 13-134V, 2015 WL 2265674 (Fed. Cl. Spec. Mstr April 13, 2015); Corona v. Sec'y of HHS, No. 12-106, 2015 WL 866395 (Fed. Cl. Spec. Mstr. Feb. 6, 2015).

On August 5, 2016, petitioner filed a four-page reply to respondent's response to her application for attorneys' fees and costs. In her reply, petitioner contends that respondent's method of asserting a range of reasonable attorneys' fees and costs is a "legally erroneous argument." Reply at 2. Petitioner requests that the undersigned view respondent's response to her request for attorneys' fees and costs "as a non-opposition" and award the amount requested by petitioner in full. Reply at 3 (citing Dorego v. Sec'y of HHS, No. 14-337 V, 2016 WL 1635826, at *4 (Fed. Cl. Apr. 4, 2016) (in which special Master Moran held respondent had "waived any objections to the requested number of hours" by "offering no targeted objection to the activities" of petitioner's counsel in that case)). Petitioner also requests an additional $800.00 for the time her attorney spent drafting the reply. Id. Therefore, petitioner requests a total of $84,078.69 in attorneys' fees and costs.

Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013). The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs. Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent's counsel attempts to justify her suggested range of attorneys' fees by citing three cases in which a lower amount of attorneys' fees and costs were awarded than the amount petitioner requests. See Pierce, No. 14-881V, 2016 WL 3208056 at *2; Sigel, No. 13-134V, 2015 WL 2265674 at *1; Corona, No. 12-106, 2015 WL 866395 at *1. All three cases cited by respondent involved life care plans and concerned petitioners alleging they developed GBS as a result of a vaccine covered under the Vaccine Injury Table.

Despite the similarities between the cases cited by respondent and the instant case, the undersigned does not find respondent's argument persuasive. It is not necessarily instructive to compare cases involving similar vaccine injuries in order to determine the appropriate amount of attorneys' fees and costs. Each case in the Vaccine Program is different. Petitioners alleging the

2

same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

The undersigned will not follow petitioner's suggestion to view respondent's method of presenting a range of fees as a non-opposition to petitioner's request for attorneys' fees and costs. However, based on her experience and review of the billing records submitted by petitioner, the undersigned finds the amount requested by petitioner to be reasonable. The undersigned also finds that the supplemental fees petitioner requests for the two hours her attorney spent preparing a reply are reasonable, as drafting petitioner's reply necessitated researching and compiling past several attorneys' fees and costs cases.

Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the court awards:**

a. **$81,631.03**, representing attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Law Office of Lisa A. Roquemore in the amount of **$81,631.03**; and

b. **$2,447.66**, representing petitioner's costs. The award shall be in the form of a check made payable to petitioner for **$2,447.66**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 31, 2016                                             s/ Laura D. Millman
                                                                             Laura D. Millman
                                                                             Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.